(Pleito No. 98.—Fallado el 8 de Noviembre de 1900.)

## RIERA contra FERNÁNDEZ.

RECURSO contra inhibitoria de jurisdicción entre los Juzgados Municipales de Catedral y Caguas.

JURISDICCIÓN DE CORTES MUNICIPALES. Cuando no se hubiere designado el lugar en que habría de verificarse el pago, ni se tratase de cosa determinada que existiera en el sitio en que se constituyó la obligación, el lugar del pago ha de ser el domicilio del deudor.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á ocho de Noviembre de mil novecientos, en la competencia pendiente ante Nos en virtud de inhibitoria propuesta por el Juzgado Municipal de Caguas al de igual clase del Dis-

trito de Catedral de esta Capital, en el conocimiento de un juicio verbal promovido ante el último por la razón social Riera y Cª, del comercio de esta plaza, contra Don Pascual Fernández, vecino de Caguas, en cobro de pesos, habiendo comparecido ambas partes en este Tribunal Supremo.—Resultando: Que la sociedad mercantil Riera y Cª presentó al Juzgado Municipal de Catedral demanda en juicio verbal contra Don Pascual Fernández, vecino de Caguas, para que le devuelva la suma de trescientos cuarenta y tres pesos setenta centavos con sus intereses legales desde la fecha de la demanda hasta la del abono, cuya suma fué entregada al demandado á cuenta del precio de un tabaco que ofreció vender á dicha sociedad, sin que cumpliese su oferta en el término estipulado.—Resultando: Que citado el demandado en su domicilio mediante exhorto dirigido al Juzgado Municipal de Caguas, promovió en el mismo la inhibitoria de jurisdicción, alegando que el ofrecimiento de la venta del tabaco no partió de su iniciativa, sino qué fué resultado de las gestiones que en su propio domicilio practicó Don José Riera en representación de la sociedad demandante, imponiendo como condición la de escogerse el tabaco para ir á Caguas por él, de cuya circunstancia se deduce claramente que en el domicilio del demandado había de tener lugar el cumplimiento de lo que se hubiera estipulado; por lo que ejercitándose como se ejercitaba una acción personal, el Juzgado Municipal de Catedral era incompetente para conocer del asunto, según la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, y en su virtud suplicó fuera requerido para que se inhibiera del conocimiento del juicio.—Resultando: Que previo dictamen del Fiscal Municipal el Juez accedió á lo solicitado en auto de primero de Septiembre último, por ·el fundamento de que siendo·el demandado vecino de Caguas, y no habiéndose obligado á cumplir la obligación en el·domicilio del demandante, ni hecho renuncia de su fuero, á aquél correspondía el conocimiento del asunto; y recibido en el Juzgado de

Catedral el requerimiento de inhibición, lo impugnó la parte demandante, invocando como único fundamento la sentencia de este Tribunal Supremo de veinte y siete de Agosto anterior y el Ministerio Fiscal, dictando dicho Juzgado auto en trece de Septiembre citado, en que sostuvo su competencia por tratarse de una obligación que debía cumplirse en esta Capital y porque en ella debía tener lugar la entrega del tabaco vendido, recomendando como fundamentos legales la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, y el párrafo 2.º del artículo 1,500 del Código Civil.— Resultando: Que habiendo insistido el Juez Municipal de Caguas en su requerimiento de inhibición, han sido remitidas á este Tribunal Supremo las respectivas actuaciones, dándose la debida tramitación á la competencia entablada, que el Ministerio Fiscal es de dictamen procede resolver á favor de aquel Juzgado.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que con arreglo á lo que prescribe el artículo 1,171 del Código Civil, cuando no hubiese sido designado el lugar en que habría de verificarse el pago, ni se tratase de entrega de cosa determinada que existiera en el sitio en que se constituyó la obligación, el lugar del pago ha de ser el del domicilio del deudor; y que á ese precepto, según tiene declarado el Tribunal Supremo de España en sentencia de cuatro de Febrero de mil ochocientos noventa y seis, debe atenderse preferentemente para decidir las cuestiones de competencia que se susciten en los juicios sobre pago de cantidad, no pudiendo tenerse en cuenta otras disposiciones ni las doctrinas establecidas con anterioridad á la promulgación de dicho Código.—Considerando: Que en el presente caso la demanda entablada ante el Juzgado Municipal del Distrito de Catedral por Riera y Cª contra Don Pascual Fernández no tiene por objeto la entrega de cosa determinada, pues no puede reputarse tal la cantidad reclamada por no haberse constituído en depósito sino el reintegro de la misma anticipada en concepto de pago de parte del

precio de un centrato de compra-venta que no llegó siquiera á perfeccionarse; por lo que, no habiéndose designado el lugar en que habría de verificarse el reintegro, es obvio que el conocimiento del juicio corresponde al Juez Municipal de Caguas, sin que la sentencia de este Tribunal de veinte y siete de Agosto último pueda invocarse en apoyo de resolución contraria, por referirse á caso que no guarda analogía con el que hoy es materia de decisión.—Fallamos: Que debemos declarar y declaramos que el conocimiento de esta demanda corresponde al Juez Municipal de Caguas, á quien se remitan todas las actuaciones, poniéndolo en conocimiento del de igual clase del Distrito de Catedral, sin hacer especial condenación de costas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones,—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á ocho de Noviembre de mil novecientos.— E. de J. López Gaztambide, *Secretario.*